UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SETH A. VILCHUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00141-TWP-MJD |
| | ) |
| J. D. BALLENGER Classification, | ) |
| DENNIS REAGLE Warden, | ) |
| RICHARD BROWN Director of DOC | ) |
| Classification Southern District of Indiana, | ) |
| HARMON Sgt., SUMMERS Officer, | ) |
| A. TERRY Officer, | ) |
| C. QUARRIER K-9 Officer, | ) |
| D. MCDONALD DHB Officer, | ) |
| MILLER DHB Sgt., | ) |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING
FILING OF AMENDED COMPLAINT AND DENYING INJUNCTIVE RELIEF**

This matter is before the Court for review of the claims in this action. (Dkt. 1) and on a Motion for Preliminary Injunction (Dkt. 6). Plaintiff Seth Vilchuck ("Mr. Vilchuck") is incarcerated at Pendleton Correctional Facility ("PCF"). The instant Complaint, one of four recently filed and currently pending before this court. *See also* 1:23-cv-02184-JMS-TAB; 1:23-cv-02243-JMS-KMB; 1:23-cv-02244-SEB-TAB. Because Mr. Vilchuck is incarcerated and has sued government officials, the Court assesses "whether joinder is proper under Rule 20 before considering the merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Because the instant Complaint is subject to dismissal, the Motion for Preliminary Injunction must be denied without prejudice to refile.

1

## I. THE COMPLAINT

Mr. Vilchuck's names 10 defendants in this Complaint and alleges various violations of the United States Constitution and state law, some of which seem to possibly overlap with claims made in other actions pending before the Court:

- He sues J.D. Ballenger, Indiana Department of Correction ("IDOC") classification director, alleging broadly that Ballenger improperly reassigned him to PCF from another facility. He also alleges that Ballenger has refused to help correct an alleged problem with his state sentence.

- He sues Richard Brown, IDOC classification director for the Southern District of Indiana, for much the same reasons that he is suing Ballenger.

- He sues PCF Warden Dennis Reagle, making two separate claims. First, he alleges broadly that Reagle abuses his power in such a way that inmates' lives are endangered "to cover up past grievous issues and civil claims that prisoner has filed on employees and coworkers." Dkt. 1, p. 7. He also alleges that Reagle has failed to take steps to correct a known problem with legionella bacteria in PCF's water supply.

- He sues PCF Sergeant Harmon, making two separate claims. First, he alleges that Sergeant Harmon used excessive force against him on December 28, 2023, causing serious injury to his shoulder. Second, he alleges that Sergeant Harmon has repeatedly retaliated against him by refusing to provide him with a medically-prescribed diabetic diet.

- He sues PCF Officers Summers, Terry, and Quarrier, alleging that on November 28, 2023, Officer Summers improperly and excessively used pepper spray and a taser on him, and that all 3 officers subsequently refused to allow him to clean off the pepper

- spray and blood from the taser. He also alleges that Officer Quarrier in particular, after the pepper spray and taser incident, forcibly stripped him naked and used excessive force against him.

- He sues PCF disciplinary hearing board Officers McDonald and Miller, alleging that they improperly imposed a total of $200,000 in restitution against him in relation to medical bills supposedly incurred by Sergeant Harmon and another correctional officer in late December 2023.

- He sues the IDOC itself, alleging its complicity in the legionella problem at PCF.

## II. DISCUSSION

District courts are encouraged to review complaints to ensure that unrelated claims against different defendants do not proceed in a single lawsuit. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) ("[T]he district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them.") (citing *Wheeler v. Wexford Health Sources*, Inc., 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Plaintiffs are not permitted to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Federal Rules of Civil Procedure 18 and 20 guide the Court's analysis. Rule 20(a)(2) permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common

to all defendants will arise in the action." "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Mr. Vilchuck's Complaint cannot proceed as currently presented. The Complaint violates Rule 20, as it advances unrelated claims against separate defendants based on separate events. His factual allegations provide a coherent narrative, and some may very well state viable claims, but they do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Moreover, there is no common question of law or fact that ties together the various claims against all defendants. Fed. R. Civ. P. 20(a)(2)(B).

### III. DISMISSAL AND DEADLINE TO AMEND

Where a plaintiff has filed a complaint that violates Rule 20, the Seventh Circuit has suggested that the best approach is to explain the problem, dismiss the complaint without prejudice, and provide leave to amend. *Dorsey*, 55 F.4th at 1107 ("We suggest a district court faced with misjoined claims begin, as the district court did here, by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem."). The Court will follow this approach here.

Accordingly, the Complaint is **dismissed** for failure to comply with Rule 20. Mr. Vilchuck shall have **through May 1, 2024**, to file an amended complaint that complies with Rule 20. If Mr.

Vilchuck files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action may be dismissed without further notice or opportunity to show cause.

Any amended complaint should have the proper case number, 1:24-cv-00141-TWP-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Vilchuck wishes to pursue in this action. The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

The Court reminds Mr. Vilchuck that an amended complaint in this action must only include *related claims and parties*. In other words, most of the claims in the original Complaint cannot be pursued in a single action. He must choose related claims that are most important to him and pursue them accordingly. If he wishes to pursue multiple unrelated claims, he must file multiple separate lawsuits for each claim.

## IV. MOTION FOR PRELIMINARY INJUNCTION

Finally, the Court notes that Mr. Vilchuck has filed a preliminary injunction/temporary restraining order, which essentially requests an order to prevent retaliation against him in the form of depriving him of diabetic meals. The Court also notes that in *Vilchuck v. Centurion*, 1:23-cv-02184-JMS-TAB, dkt. 39, the Court denied very similar preliminary injunction motions by Mr. Vilchuck because of a lack of submitted evidence that he suffers from diabetes or requires a special

5

diet. Given the dismissal of the original Complaint, the motion, for Preliminary Injunction (Dkt. 6) is **denied without prejudice**. If Mr. Vilchuck elects to refile such a motion, he should be mindful of that to obtain a preliminary injunction he must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

## V.  CONCLUSION

For the reasons explained above, the Complaint is **DISMISSED** for failure to comply with Rule 20. Plaintiff Seth Vilchuck shall have **through May 1, 2024**, to file an Amended Complaint that complies with Rule 20. In organizing his complaint, Mr. Vilchuck may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Mr. Vilchuck's copy of this Order.

The motion, for Preliminary Injunction, Dkt. [6] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Date: 4/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SETH A. VILCHUCK
149912
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only