UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SETH A. VILCHUCK, )<br>              Plaintiff, )<br>      v. )<br>HARMON Sgt., )<br>SUMMERS Officer, )<br>A. TERRY Officer, )<br>C. QUARRIER K-9 Officer, )<br>              Defendants. ) | No. 1:24-cv-00141-TWP-MJD |

**ORDER ADDRESSING PENDING MOTIONS
AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on seven motions filed by *pro se* Plaintiff Seth Vilchuck. (Dkts. 40, 41, 44, 47, 48, 57 and 58). Mr. Vilchuck is currently an inmate at Pendleton Correctional Facility. This Order addresses his motions and directs further proceedings regarding his latest-filed motion for preliminary injunction.

**I. Motion for Counsel**

Mr. Vilchuck has filed a motion for assistance recruiting counsel and a subsequent motion requesting a ruling on the original motion. (Dkts. 41, 58). Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)

1

("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. Vilchuck has contacted multiple attorneys with requests for representation without success. The Court finds he has made reasonable attempts to secure counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—

factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan,* 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

The Court also notes that it agreed to recruit counsel for Mr. Vilchuck in two other pending cases: *Vilchuck v. Harmon et al.*, 1:24-cv-00601-JPH-TAB, and *Vilchuck v. Hamblen et al.*, 1:24-cv-01086-JRS-TAB. A third recruited attorney was appointed in cause number -1086. It is relatively rare for the Court to recruit counsel for any pro se plaintiff, and exceedingly rare to recruit them for two different cases filed by a single plaintiff. It also requires significant expenditure of Court resources to identify and appoint recruited counsel. The Court also clarifies that recruitment of counsel in one case for a particular plaintiff does not necessarily mean the Court has found the plaintiff to be "incompetent" or completely unable to litigate—only that assistance for the plaintiff was deemed appropriate in that particular case or cases.

Presently, in this case, the Court concludes that Mr. Vilchuck does not require the further assistance of recruited counsel. He has been adequately representing himself so far in these proceedings—for example, he responded to the Court's original dismissal of his complaint with an appropriate amended complaint. Dkt. 15. He also has been vigorously pursuing discovery. Dkt. 49. The facts in this case are not complex—the sole issue being whether Defendants used excessive force against Mr. Vilchuck or failed to intervene in that use of force. For these reasons, Mr. Vilchuck's motion for counsel, Dkt. [41] is **denied without prejudice**. His motion requesting a ruling on this motion, Dkt. [58], is **granted** to the extent this order resolves the motion for counsel.

The Court will remain alert to circumstances that might warrant reconsideration of the motion, such as a settlement conference or trial.

## II. Motion for Lien

Mr. Vilchuck's motion to impose a lien against the Defendants' assets is **denied**. Dkt. [57]. Mr. Vilchuck's request is premature because no judgment has issued in this case. Moreover, Mr. Vilchuck has provided no showing or reason to believe that Defendants are trying to liquidate their assets to avoid any possible future financial liability in this action.

## III. Motions for Preliminary Injunction

Mr. Vilchuck filed motions for preliminary injunctions on December 4, 2024, and December 20, 2024. Dkts. 40, 44. On December 31, 2024, he filed a "motion to dismiss preliminary injunction." Dkt. 47. The Court assumes he intended this motion to apply to both of his previously-filed motions. Therefore, the motion to dismiss is **granted**. Dkt. [47]. The **clerk is directed** to terminate the motions at Dkts. [40] and [44].

On January 3, 2025, Mr. Vilchuck filed another motion for preliminary injunction. Dkt. 48. In it, he requests three forms of relief. First, he requests the immediate imposition of damages against all Defendants in varying amounts. *Id.* at 8. Second, he requests "to advance the trial on the merits and consolidate with the hearing," presumably meaning a hearing on his preliminary injunction motion. *Id.* at 4. Third, he also requests an immediate transfer to a prison other than Pendleton. *Id.* As for the first request, it is inappropriate to seek a legal remedy, such as damages, through a grant of equitable relief, namely a preliminary injunction. "Injunctive relief is of a wholly different character than monetary damages." *Roberson v. Lawrence*, No. 19-CV-1189-DWD, 2021 WL 1515532, at *2 (S.D. Ill. Apr. 16, 2021). Mr. Vilchuck's motion is **denied with prejudice** to the extent it seeks an immediate award of damages.

Additionally, the Court will not adjust the existing pretrial schedule in this matter in order to "advance" consideration of the merits of this case. Mr. Vilchuck's case is one of well over 1,000 cases pending before the Court from inmates throughout this District,[1] each of which is proceeding on its own timeline, and the plaintiffs in all those cases wish for a speedy resolution of their cases. The Court attempts to resolve all cases before it as speedily as possible. But it takes considerable time for parties to conduct discovery and draft motions, and for the Court to consider and issue rulings on the thousands of motions pending before it and to conduct trials and hearings as needed. Mr. Vilchuck has not shown cause for prioritizing consideration of this case over others.

As for the third request for an immediate transfer from Pendleton, due to alleged constant harassment by or fear of retaliation from the Defendants, the Defendants did not file a response to Mr. Vilchuck's motion. They are **ORDERED** to do so within 14 days of this Order. Mr. Vilchuck will have 7 days from service of Defendants' response to file a reply. The Court will then rule on the motion in due course or direct further proceedings if necessary.

The Court also notes that Mr. Vilchuck is pursuing claims of constant harassment by staff at Pendleton, including some of the same Defendants named in this action, in *Vilchuck v. Harmon et al.*, 1:24-cv-00601-JPH-TAB (*see* Dkt. 10). Counsel has been recruited for Mr. Vilchuck in that case. He may wish to confer with counsel to determine whether the injunctive relief he is seeking would be better pursued in that case.

### IV. Conclusion

Mr. Vilchuck's motion requesting a ruling on his motion for counsel, Dkt. [58], is **GRANTED**, but the motion for counsel itself, Dkt. [41], is **DENIED without prejudice**. His motion for a lien, Dkt. [57], is **DENIED**.

---

[1] In addition, the Court's pending caseload includes other civil cases from non-inmates and federal criminal cases.

The motion to dismiss the previously-filed preliminary injunction motions, Dkt. [47], is **GRANTED**. The **clerk is directed** to terminate the motions at Dkts. [40] and [44].

As for Mr. Vilchuck's latest preliminary injunction motion, Dkt. [48], is **DENIED in part and REMAINS PENDING in part. The motion is denied with prejudice** to the extent it seeks imposition of monetary damages against Defendants and to prioritize consideration of the merits of this case over other cases pending in this District. The motion **remains pending** as to Mr. Vilchuck's request for a transfer from Pendleton. Defendants are **ORDERED** to file a response to the motion within 14 days of this Order, after which Mr. Vilchuck will have 7 days to file a reply.

**IT IS SO ORDERED.**

DATE: 04/10/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

SETH A. VILCHUCK
149912
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only