UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SETH A. VILCHUCK,<br><br>Plaintiff,<br><br>v.<br><br>SUMMERS Officer,<br>A. TERRY Officer,<br>C. QUARRIER K-9 Officer,<br><br>Defendants. | ) | Case No. 1:24-cv-00141-TWP-DML |

**ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE**

This matter was before the Court for a final pretrial conference on September 23, 2026, at the Indianapolis Courthouse. Plaintiff Seth Vilchuck, an inmate at Pendleton Correctional Facility, appeared in person and by recruited counsel, Jason Rauch and Matthew Griffin. Defendants Calvin Quarrier, Amanda Terry, and Meghan Sommers appeared by counsel Eric Ryan Shouse and Eric Sears. David Moxley was the Court Reporter.

The two-day trial jury trial is scheduled to commence on **Tuesday October 20, 2026**, at the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344. **This is a change from the previous start date of October 19, 2026.** The claims proceeding to trial are:

I. Plaintiff's Eighth Amendment excessive force claim against Defendant Quarrier.

II. Plaintiff's claim that Defendants Terry and Sommers failed to intervene in Defendant Quarrier's use of excessive force.

III. Plaintiff's claim that Defendants Terry and Sommers were deliberately indifferent to Mr. Vilchuck in violation of the Eighth Amendment by denying him access to a decontamination shower after being pepper sprayed.

IV. Plaintiff's claim that Defendant Terry was deliberately indifferent by failing to obtain medical treatment for Mr. Vilchuck after he was assaulted.

During the final pretrial conference, the trial of this case was discussed, and the following rulings were made and directions given pursuant to Federal Rule of Civil Procedure 16.

1. **The Court reviewed the parties' witness lists** to determine who will testify and the subjects of their testimony.

a. Plaintiff presented a list of ten witnesses and discussed their expected testimony. Dkt. [164]. Counsel confirmed that all witnesses likely would testify: Seth Vilchuck, Calvin Quarrier, Amanda Terry, Meghan Sommers, Chloe Bookout, Ryan Cochran, Boyd Lundsford, Paul Simmons, Dr. Karl Shively, and Physical Therapist Scott Gull. Dr. Shively and PT Gull will testify by video deposition, both of which have already been conducted.

Defendants objected to Mr. Simmons as a witness, because of late disclosure of the witness and Plaintiff's counsel not providing contact information for Mr. Simmons. Dkt. [167]. The Court directed Plaintiff's counsel to provide contact information for Mr. Simmons to Defendants' counsel at the close of the conference. **The Court directed Defendants to renew their objection to Mr. Simmons's testimony no later than October 9, 2026**, if they still object to this witness' testimony.

b. Defendants presented a list of ten witnesses and discussed their expected testimony. Dkt. [159]. Counsel confirmed that all ten are likely to testify, except Ms. Bookout, if the Court were to grant Defendants' motion in limine related to video surveillance retention at Pendleton Correctional Facility: Seth Vilchuck, Calvin Quarrier, Meghan Sommers, Amanda Terry, Boyd Lundsford, Nurse Angela Reynolds, Nurse Sheriff

A. Agboola, Chloe Bookout, PT Gull, and Dr. Shively. Plaintiff did not object to any of these witnesses.

c. Several of the witnesses are duplicative. To avoid calling non-party witnesses twice, the Court will allow the parties to conduct direct and cross examinations the first time a non-party witness is called. The Court discourages the parties from calling cumulative witnesses.

**2. The Court conducted a general review of exhibits for trial.**

a. The parties have submitted a joint exhibit list (Dkt. 171). The parties stipulate to the authenticity and admissibility of exhibits 101-180.

b. Defendant object to the admissibility of exhibits 201-212. The Court heard argument regarding the admissibility exhibits 202, 203, 204, and 212, copies of grievance documents Plaintiff filed. The Court took the objections under advisement and will issue a separate ruling before trial.

c. Plaintiff has objected to the admissibility of exhibits 301-303 and 305-307. The Court heard argument regarding the admissibility of the entirety of exhibit 307, which is a video of an incident preceding the main incident at issue in this trial, where Plaintiff set fire to his cell and then fought with responding correctional officers. The Court took the objection under advisement and will issue a separate ruling before trial regarding this exhibit.

The parties are to provide two copies of their exhibit binders, as well as two (2) flash drives containing electronic copies of their exhibits, to the Courtroom Deputy Clerk by **12:00 p.m. on Friday, October 16, 2026**.

3. **The Court discussed pending motions and objections.** The Court discussed and heard argument on Defendants' motion in limine, (Dkt. 161). The Court **GRANTED** the motion as to categories (1), (2), (3), (5), (6), and (7), to which Plaintiff did not object. The Court took the motion under advisement as to categories (4), (8), and (9) and will issue a separate ruling on the pending motions. The Court discussed and heard argument on Plaintiff's motion in limine, (Dkt. 162). The Court **GRANTED** the motion as to categories (2) and (4), to which Defendant did not object. The Court took the motion under advisement as to categories (1) and (3) and will issue a separate written ruling on these pending motions.

4. **Settlement was discussed.** The parties stated that another settlement conference would likely be futile.

5. **The Court discussed jury selection.** The Court will seat a panel of **seven (7)** jurors with no alternates for trial. The jury questionnaires will be available for pick-up in person at the Indianapolis Courthouse on **Friday, October 16, 2026, at noon.**

In accordance with 28 U.S.C. § 1867(f) and pursuant to Section 17(A) of the Court's Jury Plan:

> *[T]he contents of records or papers used by the clerk in connection with the jury selection process may not be disclosed.... However, redacted copies of petit juror questionnaires may be provided by the clerk to counsel or to any party appearing pro se before trial. These redacted copies may not be copied or otherwise reproduced, and no scanned, graphical, or photographic images may be made or retained....*
>
> *At the conclusion of jury selection ... counsel or any party appearing pro se must return all copies of juror questionnaires to the clerk for secure and immediate disposal.*

You are prohibited from disclosing information contained in the juror questionnaires, or using the information contained in the questionnaires for any purpose other than jury selection in this case. Photocopying, scanning, photographing, or creating any other graphic image of a questionnaire is

prohibited. All juror questionnaires **must** be returned to the presiding judge's courtroom deputy clerk immediately upon the conclusion of jury selection for immediate destruction.

6. **The Court discussed voir dire examination.** The Court will question the prospective jurors with its standard *voir dire* and may incorporate questions submitted by counsel. After the Court completes its questioning, counsel will have up to **5 minutes per side** for follow-up questions to the panel. After challenges **for cause** are resolved, the Plaintiff will have **3** peremptory strikes, and the Defendants will have **3** peremptory strikes, which shall be exercised simultaneously and in writing. There will be no backstriking.

During trial, the Court intends to allow jurors to submit written questions to witnesses, following the procedures endorsed by the 7th Circuit Bar Association's jury project.

7. **The Court discussed opening statements.** The Plaintiff will have **10 minutes** for opening statement. The Defendants will have **10 minutes** for opening statement. Counsel shall advise the others of any demonstrative exhibits they intend to use during opening statements no later than **Wednesday, October 14, 2026**. Any objections to demonstrative exhibits must be filed by **noon on Thursday, October 15, 2026**, so that any objections may be resolved before opening statements. The amount of time allotted for closing arguments will be determined at the close of evidence.

8. **The Court discussed jury instructions.** The parties have filed a joint issue instruction. (Dkt. 156). The Court will use its standard preliminary jury instructions. The Courts proposed preliminary jury instructions will be emailed to the counsel no later than **Wednesday, October 14, 2026**. Objections to the proposed preliminary jury instructions are due no later than **noon on Thursday, October 15, 2026**.

The parties filed joint proposed final instructions. (Dkt. 155). Final instructions will be settled after the close of evidence.

9. **The Court discussed verdict forms.** The parties have jointly filed proposed verdict forms. (Dkt. 157). The verdict forms will be settled after the close of evidence.

10. **The Court discussed stipulations.** The parties have not yet filed any stipulations. The Court directed the parties to meet and confer, and they should file any joint stipulations by **Wednesday, October 14, 2026**.

11. **Plaintiff orally moved for separation of non-party witnesses**. Defendants did not object. The Court **GRANTED** the motion. The Court advised the parties that non-party witnesses should await testifying in Room 346 of the Courthouse. Counsel shall instruct their witnesses that they may not be present in the courtroom except during their testimony and they are not to discuss their testimony either before or after it is given.

12. **The Court directed the parties to meet and confer** with the Courtroom Deputy Clerk concerning the Court's VEPS system for presentation of evidence during trial, at the time they pick up jury questionnaires, i.e. **at noon on Friday, October 16, 2026**.

13. **Miscellaneous Matters**.

a. The Court will issue a new transport order for the Plaintiff to reflect the change in the start date of the trial from October 19 to October 20, 2026.

b. The Court noted that the United States Marshal's Office preference that prisoners be in leg shackles while in the courtroom. The Court also finds, based on Plaintiff's recent convictions for arson and battery against correctional officers, and prior conviction for aggravated battery, that Plaintiff should remain in leg shackles during trial. The courtroom tables conceal any leg shackles that will be worn by the

Plaintiff. Plaintiff's arms will not be shackled. If Plaintiff wants to have civilian clothes for the trial, he must have someone deliver them to the Marshal's office by **noon on Friday October 16, 2026**.

c. On the first day of trial, doors to the courtroom will be unlocked at **7:30 a.m.** Counsel must report no later than **8:00 a.m.** The venire are scheduled to arrive at **8:30 a.m.**, and jury selection will begin promptly at **9:00 a.m.**

14. Counsel should review Judge Pratt's "Courtroom Procedures and Trial Practice," (Dkt. 172-1), before the start of trial.

15. Thereafter, no further discussion was held, and the conference was adjourned.

**SO ORDERED.**

**Date:** September 25, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

SETH A. VILCHUCK
149912
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only