UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SETH A. VILCHUCK, Plaintiff, | ) | |
| v. | ) | No. 1:24-cv-00141-TWP-DML |
| SUMMERS Officer, A. TERRY Officer, C. QUARRIER K-9 Officer, Defendants. | ) | |

**ORDER ON MOTIONS IN LIMINE**

This matter is before the Defendants Calvin Quarrier ("Quarrier"), Amanda Terry ("Terry"), and Meghan Sommers ("Sommers") Motion *in Limine* (together "the Defendants") (Dkt. 161), and Plaintiff Seth Vilchuck's (Vilchuck") Motion *in Limine*, (Dkt. 162). This matter is set for a two-day jury trial scheduled to commence on Tuesday October 20, 2026, on Vilchuck's Eighth Amendment excessive force claim against Defendant Quarrier; failure to intervene claims against Defendants Terry and Sommers; and claims that Defendants Terry and Sommers were deliberately indifferent by denying Vilchuck access to a decontamination shower after being pepper sprayed. For the reasons discussed below, both motions *in limine* are **granted in part and denied in part**.

## I. LEGAL STANDARD

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Still, orders in limine are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States*, 469 U.S. 38, 41 (1984). A trial

judge does not bind herself by ruling on a motion in limine and "may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in limine only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in limine is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in limine weeds out evidence that is not admissible for any purpose." *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, 2018 WL 3120623, at *2 (S.D. Ind. June 26, 2018).

## II. <u>DISCUSSION</u>

The parties jointly agree with the following issue instruction.

> On December 28, 2023, Plaintiff Seth Vilchuck started a fire in his cell and assaulted two responding officers. Vilchuck was sprayed with pepper spray and tased. Thereafter, and for the rest of the events at issue in this lawsuit, Vilchuck submitted to Pendleton correctional staff's orders. Later that day, Vilchuck was transferred to a restrictive housing unit by Defendant Quarrier and placed on strip cell status. After placing Vilchuck in his cell, Defendant Quarrier used Vilchuck's shirt as a security lead by pulling the shirt over Vilchuck's head and down his arms, sliding it over the restraints during the strip search. Vilchuck alleges that Defendant Quarrier removed the shirt in a forcible manner, such that it severely choked Vilchuck, injured his right shoulder, and caused severe pain. Vilchuck also alleges that Defendant Quarrier battered Vilchuck by aggressively performing the strip search, resulting in severe pain and embarrassment. Vilchuck alleges that

> Defendants Terry and Sommers watched this occur from outside the cell and failed to intervene. Vilchuck alleges that Defendants Terry and Sommers denied Vilchuck a decontamination shower, and alleges that Defendant Terry refused to provide medical attention to Vilchuck's injuries from the strip search.

(Dkt. 156). Each party seeks to exclude certain evidence during trial. The Court will first address Vilchuck's Motion in Limine (Dkt. 162) before turning to the Defendants' motion (Dkt. 161).

**A. Plaintiff's Motion in Limine (Dkt. 162)**

Vilchuck seeks to bar any evidence or argument related to the following during trial: (1) Vilchuck's criminal history and sentence; (2) Vilchuck's prison disciplinary record; (3) "Details of the events preceding the events at issue in this case;" and (4) other lawsuits Vilchuck has filed.

The Defendants do not object to the exclusion of any evidence of Vilchuck's disciplinary record or of his other litigation history. However, Defendants oppose the Motion to the extent it seeks to bar any reference at all to Vilchuck's criminal history. They note that Vilchuck concedes that the jury can and will learn that he was convicted of arson and battery with respect to the incident that immediately preceded the events underlying the lawsuit. Vilchuck also concedes that because of the nature of these proceedings, the jury will know that he is currently incarcerated. Defendants propose that if necessary for impeachment, they will limit any reference to Vilchuck's criminal history by stating that Vilchuck is a convicted felon and will omit any reference to the nature of the offense that initially led to Vilchuck's incarceration or the length of sentence imposed.

Defendants also oppose the Motion to the extent it seeks to bar "details of the events preceding the events at issue in this case." Vilchuck specifically wants to prevent Defendants from exploring specific lines of questioning about the matter, including the extent of injuries suffered by two officers during the incident and the fact that one of them had to be transported to a hospital for treatment, and he has filed an Objection to Exhibit 307, a videotape of the fire and his assault on other correction officers.

The Motions in Limine category (1) and (2) are **granted** to the extent that Defendants may not introduce any evidence or make any argument related to Vilchuck's prison disciplinary record or other lawsuits he has filed. Such evidence has low or no relevance under Federal Rule of Evidence 401 and a high potential for unfair prejudice under Rules 403 and 404(b).

The Motion in Limine category (3) is **denied** to the extent Defendants are permitted under Federal Rule of Evidence 609 to impeach Vilchuck's credibility by general reference to his status as a person with a felony conviction, and without referring to details of any prior convictions or sentences imposed. *See Thomas v. Ritz*, No. 3:15-cv-108-RJD, 2018 WL 1784473, *2 (S.D. Ill. April 13, 2018).

The Motion in Limine category (4) is **granted in part and denied in part.** With respect to evidence and argument related to the preceding fire and assault incident, Vilchuck concedes that that incident will be referenced during trial—it is included in the parties' joint issue instruction. But he seeks to exclude details of the fire such as testimony that his cell was "engulfed in flames", that Vilchuck "Started going off on correctional officers and that after being pepper sprayed hit another correctional officer in the jaw and "swiped his glasses off" (Dkt. 163 at 5). Vilchuck further seeks to exclude testimony of the specific injuries that resulted from his assaults, including evidence that one of the staff members was transported by ambulance to the hospital for further evaluation. *Id*. At the final pretrial conference Vilchuck also objected to evidence of the video related to the preceding fire and assault incident, where Vilchuck comes from his cell and assaults the staff members. Vilchuck argues this is "very prejudicial" and not probative of the allegations in this case.

The Seventh Circuit has recognized that if a plaintiff-inmate is claiming excessive force was used against him in violation of the Eighth Amendment, evidence of an inmate's known

propensity for violence may be admissible under limited circumstances. *See West v. Love*, 776 F.2d 170, 174 (7th Cir. 1985) (holding that fact of inmate's housing in segregation unit for inmates with known violent propensities was not "character evidence" but was relevant and admissible to the issue whether the force used against the inmate was excessive or reasonable under the circumstances.). *See also Richardson v. Jennings*, 288 F. App'x 303, 305 (7th Cir. 2008) (noting that where plaintiff-inmate claims defendant-guard used excessive force, "the jury had to focus on the facts and circumstances that existed around the time of the incident.").

The court agrees with Defendants that evidence of the first incident is relevant. Accordingly, the motion in limine is **denied** as to testimony of Vilchuck's actions in setting a fire and fighting with correction officers. This evidence is relevant to show his propensity for violence. A full assessment of *how much* questioning and evidence can be presented to the jury regarding the incident is a matter that the Court can only fully consider and rule upon in the context of all the evidence presented at trial. Defendants have indicated that their evidence and questioning on this topic will be limited in scope. A court may deny a motion in limine if it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). *See also United States v. Bradford*, 905 F.3d 497, 505 (7th Cir. 2018) (noting that Federal Rule of Evidence 103 requires objections to the admission of evidence, including motions in limine, to be made with specificity). If Vilchuck believes Defendants are delving too far into the incident during trial, appropriate and specific objections may be made.

As concerns the video evidence, " the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence. *See* Federal Rule of Evidence 403. Having reviewed the video, the Court agrees with Vilchuck that the probative value is substantially outweighed by a danger of unfair prejudice; and since witnesses may describe the incident, the danger of needlessly presenting cumulative evidence also exists. The motion in limine is **granted** as to the actual video (Exhibit 307) being shown to the jury.[1]

**B. Defendants' Motion in limine (Dkt. 161)**

Defendants' seek to limit or bar testimony, argument, or reference to (1) any unrelated complaints, discipline, or lawsuits against Defendants in connection with their IDOC employment; (2) settlement negotiations; (3) whether Defendants will be indemnified for any judgment; (4) Defendants' individual financial status; (5) any "allegations of misconduct by State Agencies"; (6) any lay witness testimony as to any medical causation, diagnoses, or prognoses resulting from Defendants' actions or inactions; (7) any lay witness testimony describing the force Defendants used as "excessive"; (8) any testimony regarding a "'code of silence,' 'blue wall,' or the like"; (9) any testimony "relating to non-existent video or audio footage, including but not limited to statements such as 'lack of' or 'missing' or 'destroyed' video footage and audio footage."

Vilchuck generally does not object to categories (1), (2), (3), (5), or (7) of Defendants' motion. The motion in limine is **granted** as to those topics. Vilchuck also agrees that he cannot testify as to medical diagnoses or prognoses under Federal Rule of Evidence 702, so the motion in limine also is **granted** as to category (6), to the extent that the Vilchuck may testify only about his pain and symptoms sustained immediately after the alleged assault and that continued thereafter, but cannot testify as to a specific medical cause of those symptoms. *See Collins v. Kibort*, 143 F.3d

[1] The Court recognizes that Defendants also wish to offer the video to show that Vilchuck fell on his shoulder during the altercation with correction officers. If Vilchuck denies that he fell on his shoulder during the altercation, the video clip showing his fall may be admissible for impeachment purposes—but that proffer should be made at trial.

331, 337 (7th Cir. 1998) ("A witness does not need to be a doctor to discuss his or her health in general terms."). Vilchuck also agrees that he will not use phrases such as "code of silence" or a "blue wall" during trial, so the motion in limine is also **granted** as to category (8).

Vilchuck objects to category (4) of the motion in limine. Specifically, he notes that in part he is seeking punitive damages, and courts have consistently held that an individual defendant's financial status may be relevant and admissible when considering an appropriate amount of punitive damages. *See, e.g.*, *Equal Emp. Opportunity Comm'n v. Heart of CarDon, LLC*, 339 F.R.D. 602, 608 (S.D. Ind. 2021). The motion in limine is **denied in part**, in that the Defendants' financial status may be inquired into if this case proceeds to a punitive damages phase after Defendants have been found liable to Vilchuck.

The Court now turns to category (9). Vilchuck is adamant that he should be allowed to present evidence and testimony related to the loss of any surveillance footage that might have captured the primary incident at issue in this trial. Defendants are equally adamant that it would be unfairly prejudicial to them to allow such evidence, because they did not have direct control over whether any such video would be preserved.

The Court concludes that the weight of authority favors Vilchuck because he is not seeking sanctions against the Defendants in the form of an "adverse inference" instruction, which would expressly allow or require the jury to infer that the missing evidence would have been unfavorable to the Defendants. *See* Fed. R. Civ. P. 37(e)(2)(B); *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). Rather, Vilchuck seeks to offer this evidence because it makes Defendants' position less credible, and may actually make his version of events more believable.

The Court believes this case is unlike *Sinn v. Brush*, No. 1:15-CV-01394-TWP-DML, 2019 WL 4688724 (S.D. Ind.). There, the defendant sought to exclude any suggestion by the plaintiff-

inmate that relevant video footage at Putnamville Correctional Facility had not been preserved. The undersigned granted the defendant's motion in limine, after noting it was unclear that any relevant footage even existed, nor any evidence that such footage, if it even existed, had been improperly lost or erased or destroyed by anyone. Here, by contrast, Vilchuck has presented preliminary evidence that (1) the video did in fact exist; (2) it would have been at least partially relevant to his claims;[2] (3) he timely requested preservation of the video footage, through a grievance document; (4) the video footage should have been preserved; (5) Defendants also could have requested preservation of the video.

Under the circumstances here, courts in the Seventh Circuit have allowed presentation of evidence regarding such lost or missing evidence. For instance, in *Marell v. Pittak*, No. 1:24-CV-00031-JRS-MKK, 2025 WL 2989939, at *2–3 (S.D. Ind. Oct. 23, 2025), the Court declined to impose sanctions against defendants, who were sheriff's officers at a jail, under Fed. R. Civ. P. 37(e)(2) for the loss of surveillance footage relevant to a deceased detainee's civil rights claims. The plaintiff therefore was "not permitted to suggest or argue that the absence of the footage implies that it contained harmful or adverse evidence." *Id.* However, the Court simultaneously denied the defendants' motion in limine to bar *any* reference to the missing video footage. *Id.* The Court agreed that the denial of spoliation sanctions did not prohibit the introduction of any evidence related to the missing video footage or the fact that it had been overwritten. *Id.* "If Plaintiff can establish the appropriate foundation for introducing evidence related to the second-floor floor video footage, then Plaintiff may offer it." *Id.*

Other courts in this Circuit have reached similar conclusions. *See, e.g.*, *Buck v. Rigdon*, No. 18-CV-2125-DWD, 2024 WL 3032597, at *2–4 (S.D. Ill. June 17, 2024) (denying spoliation

[2] It is not entirely clear how much of Vilchuck's cell, or Defendant Quarrier's actions, would have been visible in the video, but there seems to be no dispute it would have clearly shown Defendants Terry's and Sommers's actions.

motion for sanctions related to missing prison surveillance footage but allowing plaintiff to present evidence related to the missing video, stating "in so far as Defendants argue that testimony regarding the circumstances surrounding the destruction of the video will confuse and mislead the trier of fact, the Court finds little reason to believe it is so unfairly prejudicial as to be inadmissible under Rule 403," observing that defendants would have opportunity to explain video's absence, and that "[t]he loss of the video is probative of the credibility of the witnesses in this case, as parties tell vastly different versions of the events"); *Schroeder v. City of Waukesha*, 13-CV-696-JPS, 2014 WL 1663531 at * 2-3 (E.D. Wis. April 25, 2014) (denying police department's motion fin limine to bar any evidence or reference to missing squad car video footage that would have been relevant to plaintiff's civil rights claims).

This Court further observes that several years ago, Magistrate Judge Dinsmore issued the following message to the Indiana Department of Correction regarding preservation of surveillance footage:

> To provide the utmost clarification to the question of when the duty to preserve arises surrounding inmate litigation cases, the Court suggests a bright line rule to prevent further issues of failure to comply with this duty. **The duty to preserve begins at the time an inmate files a grievance with the correctional facility and/or formally submits a request for preservation of evidence by way of submission of an Indiana Department of Correction Request for Interview, whichever may occur first. After that date, all information, to include video evidence, that could be potentially relevant to the inmate's claims MUST BE PRESERVED.**

*Griffith v. Brannick*, 2019 WL 1597948, at *6 (S.D. Ind. Apr. 15, 2019) (emphasis in original).

The Court does not find that the proffered evidence is not clearly inadmissible for any purpose, so category (9) of Defendants' motion in limine is **denied**. The Court does not intend for there to be a "mini-trial" on the issue of the missing footage, and contemporaneous objections to particular testimony or evidence may be made at trial; the Court may consider other curative

measures as well, such as a jury instruction on the topic, if a party request one. But Vilchuck is not barred from presenting evidence and testimony related to the missing video footage.

## III. CONCLUSION

For the reasons discussed above, Vilchuck's Motion in Limine, Dkt. [162], is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to evidence of Vilchuck's prison disciplinary history and other lawsuits Vilchuck has filed. The motion is **DENIED** to the extent Defendants may refer to Vilchuck as a person with a felony conviction but they may not otherwise refer to details of any prior convictions. The motion is **DENIED** as to Defendants presenting evidence of the fire and assault incident preceding the incident at issue in this trial, but **GRANTED** as to the videotape of the first incident. Vilchuck's objection to Exhibit 307 (Dkt. 170) is **sustained** as the Court finds that the probative value is substantially outweighed by a danger of unfair prejudice and needlessly cumulative.

Defendants' Motion in Limine, Dkt. [161], is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to any unrelated complaints, discipline, or lawsuits against Defendants in connection with their IDOC employment; settlement negotiations; whether Defendants will be indemnified for any judgment; any "allegations of misconduct by State Agencies"; any lay witness testimony as to any medical causation, diagnoses, or prognoses; any lay witness testimony describing the force Defendants used as "excessive"; and any testimony regarding a "'code of silence,' 'blue wall,'" or similar phrases. The motion is **DENIED** in that Vilchuck may present evidence of Defendants' individual financial status should the case proceed to a punitive damages phase. The motion is **DENIED** as to presenting evidence and reference to there being a surveillance video of the incident at issue that no longer exists.

An order in limine is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: October 5, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

SETH A. VILCHUCK
149912
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only